UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID MARSHALL, III and LaMISSA MARSHALL,<br>    Plaintiffs,<br><br>v.<br><br>TOWN OF MERRILLVILLE, OFFICER ALLISON ELLIS, individually and in her official capacity, and OFFICER TIMOTHY FINNERTY, individually and in his official capacity,<br>    Defendants. | Cause No.: 2:14-CV-50-TLS-PRC |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiffs' Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville [DE 15], filed on October 28, 2014, Plaintiffs' Second Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville [DE 21], filed on December 8, 2014, Plaintiffs' Third Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville [DE 24], filed on December 9, 2014, Plaintiffs' Fourth Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville [DE 27], filed on December 18, 2014, Plaintiffs' Motion for Sanctions Against Attorney Lisa Baron [DE 40], filed on February 6, 2015, and Plaintiffs' Motion for Sanctions Against Attorney Elizabeth Knight [DE 41], also filed on February 6, 2015.

On February 23, 2015, District Court Judge Theresa L. Springmann entered an Order [DE 46] referring these motions to the undersigned Magistrate Judge to make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. §

636(b)(1)(C).

## I. Background

Plaintiffs allege that they were kicked out of their daughter's high school graduation ceremony by Defendants Officer Ellis and Officer Finnerty and that, as a result, Defendants are liable under 42 U.S.C. § 1983 for violating their constitutional right to peaceably assemble as well as for the state-law tort of intentional infliction of emotional distress. They also allege that this incident is part of a larger pattern and that the Town of Merrillville ("the Town") is liable for improper hiring and retention.

This case is now in the discovery phase. Though the motions before the Court deal with various discovery disputes, they center around a central contention, namely, that the Town and its attorneys have failed to provide complete discovery and have played an elaborate game of hide-the-ball in an effort to undermine Plaintiffs' case. Plaintiffs ask for monetary sanctions against the Town and its Attorneys, Lisa Baron and Elizabeth Knight, as well as an entry of default judgment against all Defendants.

## II. Legal Standard

Though the motions before the Court do not explicitly state what source of law they are premised on, context indicates that they are brought under Federal Rule of Civil Procedure 37. For example, Plaintiffs filed meet-and-confer certifications, as required by Rule 37 and Local Rule 37-1, with all but their first motion and Plaintiffs have voiced no objections to the Town's repeated contentions that Rule 37 governs these motions.

As mentioned, Plaintiffs contend that the Town and its attorneys failed to provide complete discovery and that sanctions are therefore warranted. "If discovery responses are made but are

2

inadequate, the party seeking discovery must apply to the court for an order to compel discovery (Rule 37(a)); and sanctions cannot be invoked until the court order is disobeyed (Rule 37(b))." *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981) (citing Fed. R. Civ. P. 37(a)–(b)). However, when a party, after properly being served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response, the Court may order sanctions without first issuing an order compelling discovery. *Id.* (citing Fed. R. Civ. P. 37(d)).

Plaintiffs do not contend that they were not *served* with written discovery responses, only that the responses they received were evasive or incomplete. The failures they complain of could have been remedied by a motion to compel. Plaintiffs' Motions for Sanctions are hence premature, and the undersigned recommends that they be denied. This notwithstanding, Plaintiffs have shown deficiencies in the Town's discovery responses. Thus, instead of denying these motions outright, and thus presumably sending these issues back to Plaintiffs to bring motions to compel under Rule 37(a), the undersigned recommends that Judge Springmann order the Town to provide Plaintiffs with complete discovery responses where appropriate.

### III. Plaintiffs' First Motion for Sanctions

#### A. Background

Plaintiffs represent that, on July 1, 2014, they served the Town with a Request for Production, asking, among other things, for the personnel files of Defendants Ellis and Finnerty. After an extension, the Town served Plaintiffs with these files on August 29, 2014. Plaintiffs contend that these files were incomplete since they lacked both performance reviews for certain years as well as pre-hiring psychological examination results.

3

*1. Performance Reviews*

The Town acknowledges that it did not provide Plaintiffs with Officer Ellis's complete performance evaluations. It explains that its attorney originally gave Plaintiffs what she thought was Officer Ellis's complete personnel file, which she had received from the office of Merrillville's Chief of Police, Joseph Petruch. The personnel file did not include performance evaluations for the years 2010 to 2013. At an October 24, 2014 deposition, Officer Ellis testified that she believed she received a performance evaluation every year. The Town represents that their attorney then advised Plaintiffs' counsel that she would contact Chief Petruch's administrative assistant in order to see if the missing performance evaluations were kept in a different location or if the omission was simply a clerical error; she assured Plaintiffs' counsel that she would find out if the records existed and, if they did, would provide them to Plaintiffs as soon as possible. According to the Town, Plaintiffs' counsel did not say when she expected the documents or say anything about seeking sanctions.

However, on October 28, 2014, four days after the deposition, Plaintiffs filed this motion for sanctions, apparently without first conferring as required by Rule 37 and Northern District of Indiana Local Rule 37-1. The Town includes with its response an exhibit containing the missing performance evaluations of Officer Ellis, explaining that further investigation revealed that the omission was nothing more than a clerical error.

As for the gap in Officer Finnerty's records, the Town explains that, starting in 2010 until his retirement in 2014, Sargent Finnerty worked as the Merrillville High School Student Resource Officer. The Town represents that, according to Chief Petruch, this position was not subject to performance evaluations and there were therefore no missing evaluations to produce.

*2. Psychological Evaluations*

The Town acknowledges that those applying to work for the police department must undergo a psychological evaluation consisting of a written portion and in-person interviews, but it explains that the exam results are not included in the personnel files, but in a separate medical file. Thus, it contends that, aside from the missing performance evaluations, the personnel files were complete. It represents that, at the time it filed a response to this motion, Plaintiffs had not asked for any psychological evaluations or other medical records, saying that it wasn't until this motion was filed that it became aware that Plaintiffs were seeking these documents. The Town also represents that it would object to any such request on the ground that the documents sought contain privileged medical information.

**B. Analysis**

Plaintiffs have not shown that the Town acted wrongly in keeping the pre-hiring psychological examination records in the officers' separate medical files rather than their personnel files. In fact, though the Town does not mention it, it may well have been required by law to do so. The Americans with Disabilities Act (ADA) requires that employers, including state and local governments, keep pre-hiring medical examinations (including some types of psychological examinations) in a separate medical file. *See* 42 U.S.C. § 12112(d)(3) ("[I]nformation obtained [in a pre-employment medical examination] regarding the medical condition or history of the applicant [must be] collected and maintained on separate forms and in separate medical files and [must be] treated as a confidential medical record . . . ."); *see also Jones v. Hamilton Cnty. Sheriff's Dep't*, No. IP020808CH/K, 2003 WL 21383332, at *8 (S.D. Ind. June 12, 2003). "Psychological tests that are 'designed to identify a mental disorder or impairment' qualify as medical examinations, but

psychological tests 'that measure personality traits such as honesty, preferences, and habits' do not." *Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 835 (7th Cir. 2005) (quoting"ADA Enforcement Guidance: Preemployment Disability–Related Questions and Medical Examinations" (1995)).

The parties do not point the Court to much evidence on this issue. Most illustrative is an answer to one of Plaintiffs' interrogatories, in which Chief Petruch explained that, as part of the application process, the applicant must "undergo a psychological evaluation which consists of a written portion as well as in-person interviews." DE 15-2 at 5. The test's thoroughness, along with the Town's opinion that these exam results are medical in nature, suggests something more than a mere personality test. But there is no need to insist on this. Though the briefing does not discuss this issue, the Town has at least a colorable legal reason for why the psychological exam results were kept in a separate medical file. And Plaintiffs have not provided the Court with any reason to think that the exams were in fact non-medical.

Plaintiffs nevertheless contend that the common understanding of the term "personnel file" should have led the Town to either include the psychological exam results in its response or else provide a privilege log regarding those records. In support of this, they cite to *Milner v. Dep't of Navy*, 131 S. Ct. 1259, 1265 (2011). In that case, the Supreme Court noted that the term "personnel file" is commonly understood to include information such as "where [an employee] was born, the names of his parents, where he has lived from time to time, his . . . school records, results of examinations, [and] evaluations of his work performance." *Id.* (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 377 (1976) (internal quotation marks omitted)). Plaintiffs contend that the examinations spoken of should be understood to include pre-hiring psychological examinations.

To begin with, this appears to misread the case. In *Rose*, the case quoted in *Milner*, the

Supreme Court considered Freedom of Information Act requests for the records of cadets at the United States Air Force Academy. *Rose*, 425 U.S. at 377. It thus seems likely that, in context, the exam results spoken of were academic tests, not medical exams. *Id.* (listing, in order, "school records, results of examinations . . . .").

This notwithstanding, there have certainly been instances where psychological information was included in a personnel file. *See, e.g.*, *Terry v. Zernicke*, No. 94 C 4052, 1996 WL 5183, at *2 (N.D. Ill. Jan. 2, 1996) ("[Personnel] files would contain performance evaluations, general employment history, psychiatric history and information concerning past misconduct."); *Patt v. Family Health Sys., Inc.*, 189 F.R.D. 518, 525 (E.D. Wis. 1999) ("[T]he court holds that any material regarding Scher's psychological treatment contained in Scher's employee file held by Family Health Plan are not personal health care records, do not fall under the psychotherapist-patient privilege, and are discoverable."). But this fact does not mean that this information *must* be included. On the contrary, as discussed, it is quite possible that the exam results *had* to be kept separate under the ADA.

Further, the Town has readily admitted to the existence of these examination results and has explained that they are kept in a separate file because it considers them medical records. It has also asked Plaintiffs to submit a request for production if they want those examination results. Plaintiffs' objections are to having to ask for these separately, as this would in essence approve what they see as a deceptive practice that undermines the ability of ordinary citizens to sue the police. While there is some intuitive appeal to Plaintiffs' contention that a request for "personnel files" should be understood to include information from the hiring process, including psychological evaluation results, they have not shown that the Town's conduct was improper.

For these reasons, and in light of Plaintiffs' failure to attempt to resolve this issue before filing their Motion for Sanctions, the undersigned recommends that Judge Springmann deny Plaintiffs' Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville.

### IV. Plaintiffs' Second Motion for Sanctions

Plaintiffs represent that, on October 15, 2014, they served the Town with a Second Request for Production. This request asked for the personnel files of four non-party police officers, each of whom had been the subject of a civil rights lawsuit during their time working for the Town. The Town initially objected, but eventually produced the personnel files. As above, these files did not include psychological examination results for these officers. And at the time they filed this motion, Plaintiffs had not made any separate formal discovery requests asking for these evaluations.

As just discussed, Plaintiffs' contention is unfounded. The undersigned therefore recommends that Judge Springmann deny Plaintiffs' Second Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville.

### V. Plaintiffs' Third Motion for Sanctions

On November 5, 2014, Plaintiffs served the Town with a Third Request for Production, asking for "[c]opies of all documents pertaining to any lawsuits against Officers Ellis and Finnerty." DE 24-1 at 2. On December 5, 2014, the Town's attorney answered this request, but only gave Plaintiffs those documents within its actual possession.

Plaintiffs now contend that this response was incomplete and, at a minimum, withheld a deposition transcript of Officer Ellis from a different lawsuit. Plaintiffs' counsel called defense counsel about this issue and asked that the Town obtain and produce the file maintained by the attorney who represented the Town in that case. The Town refused, suggesting that Plaintiffs'

8

counsel was free to subpoena additional records from the lawyer who handled that matter.

Federal Rule of Civil Procedure 34, which governs production of documents, requires parties to produce requested documents within their "possession, custody or control." Fed. R. Civ. P. 34(a). "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *United States v. Approximately $7,400 in U.S. Currency*, 274 F.R.D. 646, 647 (E.D. Wis. 2011) (quoting *Walls v. Paulson*, 250 F.R.D. 48, 50 (D.D.C. 2008) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Kifle v. Parks & History Ass'n*, No. Civ. A. 98–00048, 1998 WL 1109117, at *1 (D.D.C. Oct. 15, 1998))). The Town does not argue that it does not have a legal right to these documents. Indeed, as they are in the custody of a former attorney, it almost certainly does have such a right. *See Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 382 (S.D. Ind. 2009) ("Defendants have a legal right to the documents and the ability to obtain the documents from their tax attorneys [representing them in another matter]." (quoting *Triple Five of Minnesota, Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002) (internal quotation marks omitted)). The Town's position is thus untenable. It should have obtained the relevant, non-privileged documents from its former lawyer and should have given these to Plaintiffs along with the documents that it had in its actual possession.

Thus, the undersigned recommends that Judge Springmann deny Plaintiffs' Third Motion for Sanctions against Town of Merrillville, but nevertheless order the Town to produce all non-privileged documents in its control, including those in the possession of its former attorney, that are responsive to Plaintiffs' Third Request for Production.

## VI. Plaintiffs' Fourth Motion for Sanctions

### A. Background

On July 1, 2014, Plaintiffs served the Town with written discovery requests. Among the requests was an interrogatory asking for a list of all civil rights suits involving the Town since 2009 and a request for production asking for all documents relating to any litigation to which the Town had been a party for the last five years. The Town objected to both, claiming that the requests were vague, overly broad, and unduly burdensome. With regard to the request for production, the Town also objected that the request was not limited in scope or time and that it sought information that was neither relevant nor calculated to lead to the discovery of admissible evidence. With regard to the interrogatory, the Town objected that it sought information that was not relevant or reasonably calculated to lead to the discovery of admissible information and that it called for information outside the Town's personal knowledge.

On September 8, 2014, Plaintiffs' counsel sent defense counsel a letter, which said that she disagreed with the Town's objection to the interrogatory, threatening to file a motion to compel if the Town did not find an individual with knowledge about the relevant lawsuits to supplement the response. After some back and forth, Plaintiffs' counsel provided defense counsel with a letter, explaining the legal basis for why Plaintiffs were entitled to the lawsuit information.

The Town then ran a PACER search on October 1, 2014, for any civil rights lawsuits filed against the Town within the last five years. It then sent a copy of this search to Plaintiffs' counsel, noting that this information was a matter of public record and could be accessed by Plaintiffs' counsel just as well as by defense counsel.

On December 16, 2014, Plaintiffs' counsel called defense counsel a few times. In the first

call, she asked why the supplemented response to the interrogatory did not include a prior lawsuit against Defendant Officer Ellis. Plaintiffs represent that defense counsel Lisa Baron admitted that a discovery violation had taken place with regard to this omission. In a later call, Plaintiffs' attorney also asked why a 2012 civil rights lawsuit brought against the Town by one Dr. Shepherd was also not included in the response.

Defense counsel sent Plaintiffs' attorney a letter the next day, explaining that the lawsuit against Officer Ellis was filed on August 4, 2009. The PACER search was performed on October 1, 2014, and, according to the Town, sought all lawsuits involving the Town that had been filed within five years of the search date. Accordingly, the suit against Officer Ellis was not included, as it was filed more than five years before the search was performed.

On December 18, 2014, Plaintiffs filed their Fourth Motion for Sanctions. Moreover, it has subsequently come to light—as discussed in the final two Motions for Sanctions, considered below—that attorneys Lisa Baron and Elizabeth Knight were both counsel of record in the *Shepherd* case, having entered appearances in 2012.

**B. Analysis**

Plaintiffs contend that it is not credible for the Town to say that it keeps no record of the litigation against it, arguing that the Town's PACER search, which yielded incomplete results, was insufficient to fulfil its obligation to provide complete discovery responses.

Before reaching the merits of this objection, the undersigned considers the extent to which Plaintiffs' contentions are properly before the Court. As the Town points out, Plaintiffs appear to base this motion on their request for production, which is included with this motion as an appendix. But the language of the motion actually refers to discussions regarding the Town's objections to the

11

*interrogatory*. The Town represents that Plaintiffs' counsel at no point challenged its objections to the request for production. As such, the undersigned considers the motion only insofar as it deals with the interrogatory.

Plaintiffs have shown that the Town's response to their interrogatory was incomplete, omitting the *Shepherd* litigation as well as the 2009 lawsuit against Officer Ellis. There may well be more missing. The undersigned thus recommends that Judge Springmann deny Plaintiffs' Fourth Motion for Sanctions, but nevertheless order the Town to provide a complete response to the relevant interrogatory.

### VI. Plaintiffs' Motions for Sanctions Against Attorneys Baron and Knight

These motions contend that further investigation of the discovery issues in this case has revealed that these two attorneys are implicated in the discovery abuses discussed above. As mentioned, Plaintiffs represent that later discovery revealed that Attorneys Baron and Knight were counsel of record in the *Shepherd* case. For these and perhaps some other failures—the briefing is confusing as to which aspects of the Town's conduct are recounted as background information and which parts Plaintiffs think are sanctionable—Plaintiffs ask that the Court sanction both attorneys, award Plaintiffs attorney fees and double costs, and order the entry of default judgment against all Defendants. These requests are premised in large part on the issues discussed above. Since those requests were premature, these two are as well. Accordingly, the undersigned recommends that Judge Springmann deny Plaintiffs' Motions for Sanctions Against Attorneys Knight and Baron.

### VIII. Conclusion

For these reasons, the undersigned **RECOMMENDS** that Judge Springmann **DENY** Plaintiffs' Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville [DE

15], **DENY** Plaintiffs' Second Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville [DE 21], **DENY** Plaintiffs' Third Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville [DE 24], **DENY** Plaintiffs' Fourth Motion for Discovery Sanctions and Attorney Fees Against the Town of Merrillville [DE 27], **DENY** Plaintiffs' Motion for Sanctions Against Attorney Lisa Baron [DE 40], and **DENY** Plaintiffs' Motion for Sanctions Against Attorney Elizabeth Knight [DE 41]. However, the undersigned **RECOMMENDS** that Judge Springmann **ORDER** the Town to serve Plaintiffs with all non-privileged documents in its control, including those in the custody of its former attorney, sought by Plaintiffs in their Third Request for Production. The undersigned further **RECOMMENDS** that Judge Springmann **ORDER** the Town to provide a complete response to Plaintiffs' July 1, 2014 interrogatory, which asked for a list and summary of all civil rights suits involving the Town since 2009.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 18th day of March, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record