UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DAVID MARSHALL, III and LAMISA MARSHALL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:14-cv-50-TLS |
| TOWN OF MERRILLVILLE, OFFICER ALLISON ELLIS, individually and in her official capacity, and OFFICER TIMOTHY FINNERTY, individually and in his official capacity, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Sanctions [ECF No. 15], filed on July 2, 2013, Second Motion for Sanctions [ECF No. 21], filed on December 8, 2014, Third Motion for Sanctions [ECF No. 24], filed on December 9, 2014, Fourth Motion for Sanctions [ECF No. 27], filed on December 18, 2014, Motion for Sanctions Against Attorney Lisa Baron [ECF No. 40], filed on February 6, 2015, and Motion for Sanctions Against Attorney Elizabeth Knight [ECF No. 41], filed on February 6, 2015. The Plaintiffs request the Court to enter sanctions of default judgment and monetary sanctions against the Defendants for failure to comply with discovery requests.

On February 23, 2015, the Court issued an Order [ECF No. 46] referring this case to Magistrate Judge Paul R. Cherry to review the motions and briefing as to the sanction requests and to issue a report and recommendation on the same, pursuant to 28 U.S.C. § 636(b) and Local Rule 72-1. On March 18, 2015, Judge Cherry filed his Findings, Report, and Recommendation [ECF No. 52] in which he recommended that the Court deny the Plaintiffs' Motions for

Sanctions but also issue an order requiring the Defendants to provide complete discovery responses where he found their current responses to be deficient. The Plaintiffs filed Objections to the Findings and Report of United State Magistrate Judge [ECF No. 53] on March 31, 2015. The Plaintiffs' Motions for Sanctions and objections to the Magistrate Judge's Findings, Report, and Recommendation are ripe for ruling.

**STANDARD OF REVIEW**

In accordance with the Federal Magistrate's Act, as amended, 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1, a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, including dispositive motions, and the magistrate judge must enter a recommended disposition, including any proposed findings of fact. The parties then have fourteen days after being served with a copy of the recommended disposition to file written objections to the proposed findings and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs.*, 9 F.3d 1263, 1266 (7th Cir. 1993). The district judge must look at all the evidence contained in the record and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); *Harlyn*, 9 F.3d at 1266.

**DISCUSSION**

Plaintiffs allege that Defendants Officer Ellis and Officer Finnerty kicked them out of their daughter's high school graduation ceremony and thereby are liable under 42 U.S.C. § 1983

for violating their constitutional right to peaceably assemble as well as for the state-law tort of intentional infliction of emotional distress. They also allege that this incident is part of a larger pattern and that the Town of Merrillville is liable for improper hiring and retention.

Although the motions before the Court deal with various discovery disputes, they share the central contention that the Town and its attorneys have failed to provide complete discovery and have engaged in an elaborate hide-the-ball game in an effort to undermine the Plaintiffs' case. The Plaintiffs ask for monetary sanctions against the Town and its attorneys, Lisa Baron and Elizabeth Knight, as well as an entry of default judgment against all Defendants.

The Court has reviewed the entire record of this case, including the various motions with accompanying briefing, the Magistrate Judge's 13-page Report and Recommendation, and the Plaintiffs' objections to that Report and Recommendation. Having made a de novo review of the arguments presented by the parties, the Court agrees with and adopts as its own the findings and analysis of the Magistrate Judge, which are now incorporated by reference as part of this Order.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Plaintiffs' Objections to Recommendation of United States Magistrate Judge [ECF No. 53], ADOPTS the Magistrate Judge's Report and Recommendation [ECF No. 52], and DENIES the Plaintiffs' Motion for Discovery Sanctions and Attorney's Fees Against the Town of Merrillville [ECF No. 15], Second Motion for Discovery Sanctions and Attorney's Fees Against the Town of Merrillville [ECF No. 21], Third Motion for Discovery Sanctions and Attorney's Fees Against the Town of Merrillville [ECF No. 24], Fourth Motion for Discovery Sanctions and Attorney's Fees Against the Town of Merrillville [ECF No. 27], Motion for Sanctions Against Attorney Lisa Baron [ECF

No. 40], and Motion for Sanctions Against Attorney Elizabeth Knight [ECF No. 41]. The Court ORDERS the Defendants to serve the Plaintiffs with all nonprivileged documents in its control, including those in the custody of its former attorney, sought by the Plaintiffs in their Third Request for Production and to provide a complete response to the Plaintiffs' July 1, 2014, interrogatory, which asked for a list and summary of all civil rights suits involving the Town since 2009, all within 30 days from the date of this Order.

    SO ORDERED on July 13, 2015.

                                    s/ Theresa L. Springmann
                                    THERESA L. SPRINGMANN
                                    UNITED STATES DISTRICT COURT
                                    FORT WAYNE DIVISION