UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID MARSHALL, III and LAMISA MARSHALL,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWN OF MERRILLVILLE, OFFICER ALLISON ELLIS, individually and in her official capacity, and OFFICER TIMOTHY FINNERTY, individually and in his official capacity,<br><br>    Defendants. | CAUSE NO.: 2:14-CV-50-TLS |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs David Marshall III and LaMisa Marshall's Motion to Amend/Correct Complaint [ECF No. 89], filed on May 12, 2017. The proposed Amended Complaint [ECF No. 89-1] alleges a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment against Defendants Officer Allison Ellis and Officer Timothy Finnerty, and a state law claim for false imprisonment against the Town of Merrillville and Officers Ellis and Finnerty (collectively "the Defendants"). This matter is fully briefed and ripe for the Court's review.

**BACKGROUND**

**A.    Procedural History**

On January 23, 2014, the Plaintiffs filed a Complaint [ECF No. 1] against the Defendants. In Count I, they alleged that the Defendants violated the Plaintiffs' right to peaceably assemble "[b]y forcing Plaintiffs out of their daughter's graduation without just cause," in violation of 42 U.S.C. § 1983. (Compl. ¶ 33, ECF No. 1.) In Count II, they alleged that

the Defendants committed the tort of intentional infliction of emotional distress by "intentionally extreme and outrageous conduct of . . . forcibly removing Plaintiffs from their daughter's graduation." (*Id.* ¶ 34.) In Count III, they alleged that the Town of Merrillville had a duty to the Plaintiffs to hire and retain employee police officers who were qualified and properly trained, which the Town breached by hiring and retaining [the Defendant Officers, and] proximately caus[ed] Plaintiffs' injuries at their daughter's graduation." (*Id.* ¶ 35.)

The Complaint was removed to federal court on February 14, 2014. The Defendants filed an Answer with Affirmative Defenses [ECF No. 10] on March 24, 2014. After discovery, the Defendants filed two Motions on September 21, 2015. The first was a Motion to Bar the Testimony of the Plaintiffs' Expert Witness, to which the Plaintiffs' Response [ECF No. 64] was filed on October 6, 2015, and the Defendants' Reply [ECF No. 70] on November 2, 2015. The second was a Motion for Summary Judgment, to which the Plaintiffs' Response [ECF No. 67] was filed on October 21, 2015, and the Defendants' Reply [ECF No. 71] was filed on November 2, 2015.

On January 11, 2017, the Court issued an Opinion and Order [ECF No. 75] granting in part the Defendants' Motion for Summary Judgment as to all claims except the § 1983 claim. Although the Plaintiffs' Complaint expressly alleged only a violation of the First Amendment, the parties' briefing on qualified immunity presented an "alternative legal characterization on a § 1983 claim as a Fourth Amendment violation . . . based on the same allegations and facts as all other allegations raised in the Plaintiffs' Complaint." (Op. & Order 12, ECF No. 75.)

Accordingly, the Court denied summary judgment as to the § 1983 claim because it was more appropriate for the Plaintiffs' to assert a claim pursuant to the Fourth Amendment.[1]

Both parties sought reconsideration of the Court's January 11 Order. The Plaintiffs filed a Motion to Alter Judgment [ECF No. 77] on February 8, 2017, in which they asked the Court to reverse its rulings as to all claims and to consider their expert witness, and the Defendants filed a Response [ECF No. 84] on February 20, 2017. The Defendants filed a Motion for Partial Reconsideration and Summary Judgment [ECF No. 80] on February 15, 2017, in which they asked the Court to grant summary judgment on the § 1983 claim. The Plaintiffs filed a Response [ECF No. 82] on February 16, 2017, and the Defendants' Reply [ECF No. 85] was entered on February 24, 2017. In a telephonic status conference held on April 18, 2017, the Court denied the Plaintiffs' Motion to Alter Judgment, but granted their request to file a motion for leave to file an amended complaint, along with a proposed amended complaint, by May 12, 2017. The Court also denied without prejudice the Defendants' Motion for Partial Reconsideration and Summary Judgment.

**B.     Motion for Leave to Amend/Correct Complaint**

On May 12, 2017, the Plaintiffs filed their Motion to Amend/Correct Complaint. The Plaintiffs seek to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), asserting that the Amended Complaint is necessary "[f]or clarity, with respect to material facts and the specific claims presented, and to track the Court['s] Opinion and Order." (Mot. Amend 3, ECF No. 89.) The Plaintiffs note that "[t]he First Amended Complaint alleges no new facts

---

[1] The Court also denied the Defendants' Motion to Bar Opinions and Testimony of the Plaintiffs' Expert Witness and granted the Defendants "leave to renew their motion in a future instance should it be appropriate, such as in a motion in limine at trial." (Op. & Order 22.)

and adds no new parties," and that "[n]one of the grounds for denial of leave to amend are present with respect to the proposed First Amended Complaint." (*Id.* 2.)

In the Response [ECF No. 90] filed on May 26, 2017, the Defendants set forth their arguments in opposition to the proposed Amended Complaint. The Defendants argue that "permitting the Plaintiffs to file an Amended Complaint after the close of discovery and following the partial granting of the Defendants' Motion for Summary Judgment creates undue prejudice." (Defs.' Resp. 2–6, ECF No. 90.) Additionally, "Plaintiffs had ample time to amend their Complaint . . . and have failed to provide any explanation justifying their undue delay in bringing such claims." (*Id.* 7–9.) Finally, allowing the Plaintiffs "to amend their Complaint to include a Fourth Amendment claim and Indiana False Imprisonment claim would be futile." (*Id.* 10–13.) The Defendants assert that "Plaintiffs' own admissions belie and contradict the allegations" of either a Fourth Amendment violation or false imprisonment. (*Id.* 12.)

On June 5, 2017, the Plaintiffs filed their Reply in Support of their Motion to Amend/Correct Complaint [ECF No. 91]. They contend that "justice requires that the Court grant" their Motion to Amend because it asserts a civil rights lawsuit and can deter "municipalities and rogue police officers" from violating citizens' civil rights. (Reply 3, ECF No. 91.) Also, they argue that they should be permitted "to amend even after discovery has closed" because while they reasonably believed that there was a First Amendment violation, as alleged in their Complaint, "discovery revealed that Defendants violated Plaintiffs' Fourth Amendment rights and falsely imprisoned them." (*Id.* 3–4.) The Plaintiffs assert that their Amended Complaint would not prejudice the Defendants because certain allegations in the original Complaint "put Defendants on notice that Plaintiffs may assert a Fourth Amendment and false imprisonment claim," and because discovery was conducted on the question of "whether

4

Defendants had probable cause to eject Plaintiffs from the graduation." (*Id.* 4–5.) Finally, the Plaintiffs state that amendment would not be futile because the allegations in the proposed Amended Complaint "clearly and sufficiently allege an absence of probable cause needed to make a prima facie showing" of their claims. (*Id.* 6.)

**STANDARD OF REVIEW**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). If amendment is sought "after a motion for summary judgment has been made by the opposing party," then

> the ordinary standards of Rule 15 apply . . . . However, such a motion is always made to the sound discretion of the district court and the court may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability, . . . or where the party moving to amend has not shown that the proposed amendment has substantial merit."

*Verhein v. S. Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979); *see also Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) (presenting a situation where the plaintiffs' "frantically revised theory of the case, as plainly set forth in their memorandum in opposition to summary judgment," should have been construed as "a motion to amend the pleadings filed out of time" and granted by the district court).

5

## DISCUSSION

The Plaintiffs have moved to amend their Complaint to assert two counts: first, a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment against Officer Allison Ellis and Officer Timothy Finnerty; second, a state law claim for false imprisonment against all Defendants. The Defendants argue that allowing the proposed Amended Complaint would be unduly prejudicial to the Defendants, the Plaintiffs have not offered sufficient justification for their undue delay, and the proposed Amended Complaint would nonetheless be futile.

A.     **Count One: The Defendant Officers' Liability Under § 1983**

The determination of whether to grant or deny leave to amend depends upon the facts of each case and is within the discretion of the district court. *See Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861–62 (7th Cir. 2001). Courts have found that undue prejudice was created when the moving party intended to introduce an entirely new legal theory that would require discovery to be re-opened and force the non-moving party to duplicate its efforts. *See J.P. Morgan Chase Bank N.A. v. Drywall Service & Supply Co., Inc.*, 265 F.R.D. 341, 352 (N.D. Ind. 2010) (*citing Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 353–54 (7th Cir. 1982)). For undue delay, courts look to the similarity of the factual basis for the claims in the original complaint to the new claims raised in the amended complaint, the moving party's explanation for waiting to raise the new claims, whether the moving party is attempting to introduce a new theory of the case, and whether granting the motion to amend will require new or duplicated discovery efforts. *See, e.g.*, *id.* at 347; *see also Bethany Pharmacal Co.*, 241 F.3d at 861 (7th Cir. 2001). Typically, "delay by itself is normally an insufficient reason to deny a motion for leave to amend" and "must be coupled with some other reason." *Dubicz v. Commonwealth Edison Co.*,

377 F.3d 787, 793 (7th Cir. 2004) (citations omitted). And a district court "may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability, . . . or where the party moving to amend has not shown that the proposed amendment has substantial merit." *Verhein v. S. Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979); *see also Sound of Music Co. v. Minn. Min. & Mfg. Co.*, 477 F.3d 910, 923–24 (7th Cir. 2007) (classifying amendment as futile where "the amended claim would not survive a motion for summary judgment").

In terms of prejudice, the Defendants argue that they would be unduly prejudiced by the Plaintiffs' Amended Complaint because of the length of time that has passed in this litigation: discovery has closed, witnesses have been deposed, and one round of summary judgment briefing is concluded. "At no point did the Plaintiffs' legal claims deviate from the purported First Amendment claim, until the present motion, over three (3) years after the initiation of the litigation." (Resp. 5.) But cutting against any prejudice to the Defendants is the fact that all of the factual elements of this case remain the same. The proposed Amended Complaint still concerns the same incident—the Merrillville High School graduation on June 5, 2013—that was at issue in the original Complaint. Given that the factual material is substantially the same, allowing the amendment will not unduly increase discovery, if it is even necessary to reopen discovery at all.[2] Similarly, the Plaintiffs' original Complaint expressly asserted a § 1983 claim, as does the proposed Amended Complaint. While the constitutional violations expressly alleged in the two Complaints are different, the overall scope of the allegations—that the Plaintiffs' constitutional rights were violated—remains unchanged. *See Dennis v. Higgins*, 498 U.S. 439, 443 (1991)

---

[2] The Plaintiffs stated in their Reply that they "have no plan to conduct further discovery. However, should the [C]ourt re-open discovery, Plaintiffs have no objection to Defendants issuing written discovery or re-deposing witnesses." (Reply 5.)

(noting that "the coverage of § 1983 must be broadly construed" in light of its "legislative history . . . as a remedial statute") (first quoting *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 105 (1989); then quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 684 (1978)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Indeed, the parties' briefings at summary judgment both focused on whether the Defendant Officers were entitled to qualified immunity, which shows that both parties conceived of the original Complaint's factual allegations as implicating a Fourth Amendment violation.[3]

In terms of undue delay, the Defendants' argument hinges upon the fact that the Plaintiffs' have waited for over three years to allege a claim premised upon a Fourth Amendment violation and "offered no explanation [in their Motion] as to why they did not bring their Fourth Amendment . . . claim[] sooner." (Resp. 9.) The Defendants highlight the Plaintiffs' failure to "move on their own to amend the [C]omplaint" after the Court's January 11 Order for "over three (3) months until this Court invited the Plaintiffs to file the pending motion in the teleconference on April 18, 2017." (*Id.* 8.) Although the Plaintiffs failed to proffer any excuse for their delay in their initial Motion, the reasons offered in their Reply brief do not evince bad faith. They argue that they should be permitted "to amend even after discovery has closed" because

---

[3] As the Court noted in its Order:

> The Plaintiffs argue that there was no "basis for Defendants to arrest" David Marshall (Resp. to Mot. Summ. J. 8–10, ECF No. 67), whereas the Defendant Officers state that they reasonably asked David Marshall "to remain outside, as opposed to charging him and placing him under arrest" (Reply 5–7, ECF No. 71). This "alternate legal basis for liability is based on the same allegations" and facts as all other allegations raised in the Plaintiffs' Complaint. *Whitaker v. Milwaukee Cnty., Wisc.*, 772 F.3d 802, 809 n.19 (7th Cir. 2014) (finding defendants' claim of unfair surprise due to an alternative legal theory "unpersuasive when . . . based on the same allegations" in the complaint); *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887 (7th Cir. 2012) (stating that "plaintiffs are not required to plead legal theories").

(Op. & Order 12–13.)

while they reasonably believed that there was a First Amendment violation, as alleged in their Complaint, "discovery revealed that Defendants violated Plaintiffs' Fourth Amendment rights and falsely imprisoned them." (Reply 3–4.) True, this is the first time that the Plaintiffs are seeking to amend their Complaint, which lends some credence to their explanation of pursuing their First Amendment theory of the case. But this explanation is lacking—if it were true then the Plaintiffs should have moved to amend at the close of discovery, or at the very least after the Court's January 11 Order, instead of contesting that Order by filing their Motion to Alter Judgment.[4]

The Defendants also argue that amending is futile because the Plaintiffs' own admissions in their depositions "do[] not support an underlying violation of Fourth Amendment rights." The Fourth Amendment provides the right to be free of unreasonable searches and seizures. U.S. Const. amend. IV. "A seizure of the person within the meaning of the Fourth and Fourteenth Amendments occurs when, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *Kaupp v. Texas*, 538 U.S. 626, 630 (2003) (internal quotation marks omitted); *Florida v. Bostick,* 501 U.S. 429, 437 (1991). Circumstances that would indicate that a person "was not free to leave" include the "threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *United States v. Mendenhall,* 446 U.S. 544, 554 (1980).

---

[4] After the Defendants' Motion for Summary Judgment and Motion to Bar the Testimony of the Plaintiffs' Expert Witness were fully briefed on November 2, 2015, those Motions remained under advisement with the Court for approximately 14 months until its Opinion and Order was issued on January 11, 2017. This delay was attributable to the Court's criminal and civil caseload, and not the fault of the parties.

"When a person has no desire to leave for reasons unrelated to the police presence, the coercive effect of the encounter can be measured better by asking whether 'a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." *Carlson v. Bukovic*, 621 F.3d 610, 620 (7th Cir. 2010) (citing *Brendlin v. California*, 551 U.S. 249, 255 (2007)).

The evidence that the Defendants highlight in the Plaintiffs' deposition testimony goes primarily to whether or not the Plaintiffs were "arrested" or were "charged with anything as a result of this incident." (Resp. 10–11 (citing D. Marshall Dep. 19:15–20, ECF No. 67-3; L. Marshall Dep. 11:23–12:3, ECF No. 61-2).) Although this testimony precludes a claim that the Plaintiffs were falsely arrested, it does not contradict whether or not the Plaintiffs believed—in particular David Marshall—that they were "not free to leave." *Mendenhall*, 446 U.S. at 554. Relevant to that question, the allegations state:

> 17. . . . Sergeant Finnerty approached and said "Let's go outside and talk about it" to the Plaintiffs. The Merrillville police officers then physically pushed both Plaintiffs until they were outside of the auditorium and its lobby.
>
> 18. Once the Plaintiffs were outside, Sergeant Finnerty said that if David Marshall "continued to talk," he would "be going to jail for disorderly conduct." David Marshall responded "You all know me as a police officer. Why are you treating me as if I'm not a police officer, that I would be disruptive?"
>
> 19. David Marshall was upset but remained peaceful throughout this interaction, . . . but Sergeant Finnerty "said again if [he] was to keep on talking that [he'd] be going to [his] own jail."
>
> 20. . . . Ultimately, LaMisa Marshall was permitted to go back inside, while [David Marshall] was not handcuffed or charged after his removal and detention but . . . was barred from returning to the auditorium for the remainder . . . of his daughter's graduation ceremony.

(Proposed Am. Compl. ¶¶ 17–20, ECF No. 89-1.)[5] The Court finds that such allegations as amended plausibly state a § 1983 claim premised upon a Fourth Amendment violation. Should the parties wish to re-open discovery or brief a second round of summary judgment on the Fourth Amendment claim, they are free to do so. However, at this stage, the Court does not find that the proposed Amended Complaint would clearly be futile. Although the Court finds that the Plaintiffs have not provided sufficient excuse justifying their undue delay, that alone is not reason for the Court to deny them leave to amend their Complaint. *Dubicz*, 377 F.3d at 793.

## B. Count Two: False Imprisonment

Under Indiana law, "false imprisonment, is based upon deprivation of one's liberty without legal process that may arise when arrest or detention is without warrant or a warrant that charges no offense . . . and all that must be averred or shown is the deprivation of one's liberty without legal process." *Dubreuil v. Pinnick*, 383 N.E.2d 420, 422 (Ind. Ct. App. 1978) (brackets omitted). The Court finds that introducing a claim of false imprisonment at this stage would unduly prejudice upon the Defendants.

First, whereas a § 1983 claim was pled in the original Complaint, there was no such claim for false imprisonment under Indiana law. The claims originally alleged were intentional infliction of emotional distress as to all Defendants, a § 1983 municipal liability claim against the Town of Merrillville, and negligent hiring and retention claims against the Town of Merrillville. Unlike the Plaintiffs' § 1983 claim, the supporting allegations of which gave the Defendants notice that the Plaintiffs' theory of their claim could be premised upon a different constitutional

---

[5] The Plaintiffs' argue that these allegations also demonstrate that the Defendant Officers lacked probable cause. (*See* Reply 6.) The Court need not address this argument in light of its subsequent finding that the proposed Amended Complaint would not be futile.

violation, the remaining tort claims did not give the Defendants notice that the Plaintiffs could seek liability under the tort of false imprisonment. Second, the Court's January 11 Order granted summary judgment in favor of the Defendants on the intentional infliction of emotional distress, § 1983 municipal liability, and negligent hiring and retention claims. The effect of that Order meant no claims remained against the Town of Merrillville. However, the Plaintiffs' proposed Amended Complaint would subject the Town of Merrillville to potential liability after they have already been granted summary judgment in this lawsuit. *See Harkless v. Sweeny Indep. Sch. Dist. of Sweeny, Tex.*, 554 F.2d 1353, 1360 (5th Cir. 1977) (district court properly denied leave to amend because amendment would have rejoined previously dismissed defendants, causing them undue prejudice).

Having found that allowing the Plaintiffs to add a claim for false imprisonment at this stage would reap undue prejudice upon the Defendants, and having previously found that the Plaintiffs did not excuse their undue delay in seeking leave to amend their Complaint, the Court denies the Plaintiffs' Motion as to Count Two.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Plaintiffs' Motion to Amend/Correct Complaint [ECF No. 89]. The Court GRANTS the Plaintiffs' Motion as to Count I, a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment against Defendant Officer Allison Ellis and Defendant Officer Timothy Finnerty, and DENIES the Plaintiffs' Motion as to Count II, a state law claim for false imprisonment against all Defendants.

The Court sets a telephonic scheduling conference to set a Final Pretrial Conference and Jury Trial dates for July 17, 2017, at 3:30 PM EST. The Court will initiate the call.

SO ORDERED on June 15, 2017.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT